[Criminal No. 76.  Filed January 28, 1893.]

[33 Pac. 618.]

## THE TERRITORY OF ARIZONA, Plaintiff and Appellant, v. PHIL HEFLEY et al., Defendants and Respondents.

1. CONSTITUTIONAL LAW — CRIMINAL LAW — REV. STATS. ARIZ. 1887, PENAL CODE, SEC. 775, CONSTRUED AND HELD UNCONSTITUTIONAL— U. S. CONSTITUTION, AMENDMENT 6, CITED—WITNESSES—COMPULSORY PROCESS—PRESUMPTIONS—LARCENY WITHOUT STATE.—Section 775, *supra*, providing that whoever, in another state or country, steals the property of another and brings it into this territory may be convicted and punished as if the larceny had been committed

in this territory, is not unconstitutional because it attempts to give our courts extraterritorial jurisdiction, but is open to two other objections. The constitution of the United States, amendment 6, provides that in criminal prosecutions the accused shall have compulsory process for obtaining witnesses, and, as process of this court cannot run without the territory where the witnesses as to the larceny, the essence of the offense, are, the law, which necessarily in its operation denies that right, is unconstitutional. Again, by the same amendment, the accused is entitled " to be informed of the nature and cause of the accusation," and there being no presumption that the common-law offense of larceny exists in Sonora, the accused cannot be informed of the offense attempted to be charged.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

William Herring, Attorney-General, and Allen R. English, District Attorney, for Appellant.

C. S. Clark, and William H. Barnes, for Appellees.

KIBBEY, J.—Phil Hefley and Thomas Jones, the respondents, were indicted in the court below, and charged with the commission of grand larceny in the state of Sonora, in the republic of Mexico, and unlawfully and feloniously bringing the stolen property into the county of Cochise, in the territory of Arizona. The respondents demurred to the indictment, and the demurrer was sustained. It is from this ruling that the territory appeals. We are not provided with a brief by the respondents.

Section 775 of our Penal Code provides that whoever in another state or country steals the property of another and brings it into this territory may be convicted and punished as if the larceny had been committed in this territory. The offense here created is not the larceny of the goods. It consists of two essential elements,—i. e. larceny in a foreign jurisdiction, and the bringing by the thief of the stolen goods into this territory. It would not, we think, be contended that had the defendants committed larceny in Sonora, and then afterwards come into Arizona, the courts of this territory would have any jurisdiction over the offense. The gist of the

offense is the bringing by the thief of stolen goods into the territory. We judge from appellant's brief that the court below held section 775 unconstitutional because it attempted to give to our courts extraterritorial jurisdiction, or, in other words, jurisdiction of an offense committed without our territorial limits. We do not think the statute obnoxious to this objection, and the cases cited by appellant go chiefly to that point.

The statute is open, however, to two other objections: The constitution provides that in criminal prosecutions the accused shall have compulsory process for obtaining witnesses in his favor. Const. U. S. Amend. 6. As we have noted, larceny committed out of the territory in a place where process of the courts of this territory cannot run is of the essence of the offense. The presumption would be, that the witnesses to disprove the larceny are without the jurisdiction of the court, and not amenable to its process. True, as it may be answered, the defendants are nevertheless entitled to have process. But the process is but a means to an end, and the right guaranteed is to have the actual attendance of witnesses; and if a law is made which necessarily in its operation denies that right, it is, we think, unconstitutional.

Again, by the same amendment, the accused is entitled "to be informed of the nature and cause of the accusation." What is the nature of the accusation in that case? Is the larceny to be larceny as defined by our statute, as defined at common law, or as defined by the laws of Sonora? We cannot presume the common-law offense of larceny to exist in Sonora. Indeed, we must presume that it does not. We do not know whether any such offense as "larceny" or "stealing" exists in Sonora, or, if we presume that there is some cognate offense, we do not know its definitive characteristics. What may be larceny here may not be larceny there. Those acts here that constitute an unlawful stealing and driving away of cattle of another, may not in Sonora constitute an unlawful stealing, taking, and carrying away. Those acts done here that make the accused a thief, and his possession of the subject of the theft wrongful, may not in Sonora make him a thief, and his possession of the property would be entirely lawful. If lawful there, his bringing here that to which he is lawfully entitled might not be deemed a crime. Classes of property

in this country that are subjects of larceny may not be so in Sonora, and *e converso.* We think then that the "nature of the accusation" in cases contemplated by section 775 is too in-definite, and that the accused cannot be informed of the offense attempted to be charged thereunder. We think the demurrer was properly sustained, and the judgment is accordingly affirmed.

Gooding, C. J., and Wells, J., concur.